UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-3981(DSD/FLN)

John Meiners,

   Plaintiff,

v.                **ORDER**

Wells Fargo & Company, et al.,

   Defendants.

   Goeffrey A. Graber, Esq. and Cohen Milstein Sellers & Toll PLLC, 1100 New York Avenue, N.W., Suite 500, Washington, DC 20005; Greg G. Gutzler, Esq. and Elias Gutzler Spicer LLC, 1924 Chouteau Avenue, Suite W, St. Louis, MO 63101; Robert K. Shelquist, Esq. and Lockridge Grindal Nauen PLLP, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401, counsel for plaintiff.

   Stephen P. Lucke, Esq., Andrew J. Holly, Esq. and Dorsey & Whitney LLP, 50 South 6th Street, Suite 1500, Minneapolis, MN 55402; Russell Laurence Hirschhorn, Esq. and Proskauer Rose LLP, Eleven Times Square, Suite 18-26, New York, NY 10036, counsel for defendants.

   This matter is before the court upon the motion to dismiss by defendants Wells Fargo & Company, Human Resources Committee of the Wells Fargo Board of Directors, the Human Resources Committee members, Wells Fargo Employee Benefits Review Committee, and the Benefits Review Committee members.[1] Based on a review of the file, record, and proceedings herein, and for the following reasons, the

---

[1] The Human Resources Committee members are defendants Lloyd Dean, John Chen, Susan Engel, Donald James, and Stephen Sanger. The Benefit Committee members are defendants Hope Hardison, Justin Thornton, Patricia Callahan, Timothy Sloan, and Michael Heid. Unless otherwise noted, the court will refer to defendants collectively as Wells Fargo.

court grants the motion.

**BACKGROUND**

This ERISA dispute arises out of plaintiff John Meiners's participation in Wells Fargo's 401(k) retirement plan (Plan). The Plan is a defined-contribution plan in which employees may invest a certain percentage of their earnings on a pre-tax basis. Compl. ¶ 10. During the class period, the Plan offered 26 to 27 investment options. Id. ¶ 19. Twelve of the options are Wells Fargo Dow Jones Target Date Funds, which are proprietary funds managed by a Wells Fargo subsidiary.[2] Id. Meiners, on behalf of a putative class, alleges that these funds both underperformed comparable Vanguard funds and were more expensive than comparable Vanguard and Fidelity funds. Id. ¶¶ 27-32. Meiners claims that by continuing to keep these funds in the Plan, Wells Fargo breached its fiduciary duties. Id. ¶¶ 38-40. Further, Wells Fargo, in an effort to generate fees and seed the underperforming funds, allegedly breached its fiduciary duties by designating the Wells Fargo funds as the default for participants who enrolled in the Plan but did not select an investment option. Id. ¶¶ 33-36, 39-40.

---

[2] A target date fund is an investment in which the allocation of equity, bonds, and cash is automatically shifted as the target date approaches. Usually, as the target date approaches, the fund will shift its investment allocation from primarily equity to primarily bonds. Id. ¶ 20.

On November 22, 2016, Meiners filed this class action lawsuit under ERISA alleging (1) breach of the duties of loyalty and prudence under 29 U.S.C. § 1104 against the Benefit Committee; (2) breach of co-fiduciary duty under 29 U.S.C. § 1105 against the Human Resources Committee, Hardison, and Thornton; and (3) knowing participation in a breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) against Wells Fargo & Company. Wells Fargo now moves to dismiss the complaint.

**DISCUSSION**

**I. Standard of Review**

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right of relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are

not sufficient to state a claim. <u>Iqbal</u>, 556 U.S. at 678 (citations and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(c). Fed. R. Civ. P. 12(d). The court may, however, consider matters of public record and materials that are "necessarily embraced by the pleadings." <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). Here, because Meiners's complaint references returns data for the Wells Fargo and Vanguard funds, the court properly considers the Wells Fargo and Vanguard prospectuses.

## II. Motion to Dismiss

### A. Breach of Fiduciary Duty

To plead a breach of fiduciary duty under ERISA, a plaintiff must allege that the defendant (1) was a fiduciary of the plan, (2) was acting in that capacity, and (3) breached a fiduciary duty. <u>See</u> 29 U.S.C. § 1109. The principal duties owed by fiduciaries are loyalty and prudence. <u>Braden</u>, 588 F.3d at 595. The duty of loyalty requires that the fiduciary discharge his duties "solely in the interests of the participants and beneficiaries...." 29 U.S.C. § 1104(a)(1). The duty of prudence requires that the fiduciary act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use ...." 29 U.S.C.

4

§ 1104(a)(1)(B). ERISA's "prudent person standard is an objective standard ... that focuses on the fiduciary's conduct preceding the challenged decision. Roth v. Sawyer-Cleator Lumber Co., 16 F.3d 915, 917-18 (8th Cir. 1994). "Because the content of the duty of prudence turns on the circumstances ... prevailing at the time the fiduciary acts ... the appropriate inquiry will necessarily be context specific." Fifth Third Bancorp v. Dudenhoeffer, 134 S. Ct. 2459, 2471 (2014). A fiduciary breaches its duty when it "fail[s] to properly monitor investments and remove imprudent ones." Tibble v. Edison Int'l, 135 S. Ct. 1823, 1829 (2015).

Meiners alleges that Wells Fargo breached its fiduciary duty by continuing to invest in its own target date funds when better-performing funds were available at a lower cost. Wells Fargo argues that these allegations are insufficient to plausibly allege a breach of fiduciary duty. The court agrees.

### 1. Underperforming Funds

Central to Meiners's complaint is the allegation that the Wells Fargo funds consistently underperformed Vanguard funds. The rate of return for the Wells Fargo and Vanguard funds are only relevant insofar as they suggest that Wells Fargo's decision making process was flawed. Braden, 588 F.3d at 595. In order to plausibly allege a fund is underperforming, Meiners must provide some benchmark against which the Wells Fargo funds can meaningfully be compared. See Krueger v. Ameriprise Fin., Inc., No. 11-2781,

2012 WL 5873825, at *3 (D. Minn. Nov. 20, 2012) (alleging that the "funds underperformed their benchmarks each year"); Leber v. Citigroup, Inc., No. 07-9389, 2010 WL 935442, at *14 (S.D.N.Y. Mar. 16, 2010) ("Plaintiffs ... [fail to] provide any basis for evaluating or comparing [the fund's] performance.").

The only benchmark that Meiners provides is the Vanguard funds' performance. But a comparison of the returns for two different funds is insufficient because "funds ... designed for different purposes ... choose their investments differently, so there is no reason to expect them to make similar returns over any given span of time." Tussey v. ABB, Inc., 850 F.3d 951, 960 (8th Cir. 2017); see also id. at 960 n.8 ("Making [a] comparison [between two funds] would ... imply a (mistaken) view that whichever fund earned more over the relevant time frame 'should' have been offered to the participates, or even that it performed 'better' in a meaningful sense.").

Here, one would expect the Wells Fargo and Vanguard funds to perform differently because the Wells Fargo funds have a different investment strategy than the Vanguard funds. Specifically, Wells Fargo funds have a higher allocation of bond than Vanguard funds. See Holland Decl. Ex. 6, at 77; Bullard Decl. Ex. C at 3-4. Therefore, it does not necessarily follow that the Wells Fargo funds were substandard compared to the Vanguard funds, nor does it follow that Wells Fargo's decision making process was flawed.

6

## 2. Fees

Meiners likewise fails to provide a meaningful benchmark against which the Wells Fargo fund's fees can be compared.[3] Fees, like performance, cannot be analyzed in a vacuum. See Dudenhoeffer, 134 S. Ct. at 2471 ("[T]he appropriate inquiry will necessarily be context specific."). Moreover, failure to invest in the cheapest fund available does not necessarily suggest a breach of fiduciary duty. See Hecker v. Deere & Co., 556 F.3d 575, 586 (7th Cir. 2009) ("The fact that ... some other funds might have had [lower fees] is beside the point; nothing in ERISA requires every fiduciary to scour the market to find and offer the cheapest possible fund ....").

Wells Fargo argues that Meiners's complaint merely alleges that it failed to invest in the cheapest fund available. Meiners disagrees and argues that he has alleged that Wells Fargo acted in self-interest by choosing higher-cost affiliated funds over lower-cost non-affiliated funds. But Meiners's only support of this interpretation of his complaint is that two funds, Fidelity and Vanguard, are less expensive. This, in effect, attempts to hold Wells Fargo liable for failing to choose the cheapest fund. If

---

[3] The court notes that the complaint does not allege that the Wells Fargo funds' fees were excessive or unreasonable; it merely alleges that the fees were 2.5 times higher than Fidelity and Vanguard. Meiners insists that the complaint should be construed as alleging unreasonable or excessive fees. For purposes of this motion, the court will do so.

7

such allegations were sufficient to survive a motion to dismiss, it would render fiduciaries liable to suit for failing to choose the cheapest, non-affiliated fund - even if that fund is "plagued by other problems." Id. Therefore, Meiners must plead something more to make his excessive fees claim plausible. See Wildman v. Am. Century Servs., LLC, No. 4:16-737, 2017 WL 839795, at *4 (W.D. Mo. Feb. 27, 2017) (alleging that fees were excessive as compared to the average cost of similar sized plans); Krueger, 2012 WL 5873825, at *3 (alleging that fees were higher than the median fees for comparable funds as reported by two investment agencies).

Nothing in the complaint suggests that the Vanguard and Fidelity funds are reliable comparators, offer similar services, or are of similar size, nor does it contain facts showing that the Wells Fargo funds are more expensive when compared to the market as a whole. Without a meaningful comparison, the mere fact that the Wells Fargo funds are more expensive than two other funds does not give rise to a plausible breach of fiduciary duty claim.[4]

### 3. Default Option and Seeding

Lastly, Meiners claims that Wells Fargo set its target date funds as the default for participants in order to seed its own

---

[4] Indeed, any value that Meiners's comparison does have is lessened by the fact that Vanguard is a low-cost fund. See Amron v. Morgan Stanley Inv. Advisors Inc., 464 F.3d 338, 345 ("That a mutual fund has an expense ratio higher than Vanguard, a firm known for its emphasis on keeping costs low, raises little suspicion ....").

8

funds.  This, too, is insufficient to give rise a breach of fiduciary duty claim.  First, it is not uncommon for plans to provide default investment options for participants who fail to make an investment election; indeed, Congress specifically anticipated this scenario.  <u>See</u> 29 U.S.C. 1104(c)(5) (providing guidelines for default investment options).  Second, the fact that Wells Fargo chose affiliated funds as the default option is, without more, insufficient to show a breach of its fiduciary duty.  Although a fiduciary's choice of affiliated funds is relevant in showing that the fiduciary may have acted in its financial self-interest, Meiners must plead additional facts showing that the fiduciary's decision was based on financial interest rather than a legitimate consideration.  <u>See, e.g.</u>, <u>Wildman</u>, 2017 WL 839795, at *8 (viewing other allegations of flawed decision making "in conjunction" with allegations of self-interest); <u>Urakhchin v. Allianz Asset Mgmt. of Am., L.P.</u>, No. 15-1614, 2016 WL 4507117, at *6-7 (C.D. Cal. Aug. 5, 2016) (same); <u>Kruger</u>, 2012 WL 5873825, at *10 (same).  Other than the unsupported allegations of excessive fees and under-performance discussed above, Meiners pleads no facts suggesting that the choice of affiliated funds was the result of flawed decision-making.

Taken as a whole, the complaint merely supports an inference that Wells Fargo continued to invest in affiliated target date funds when its rate of return was lower than Vanguard, which had a different investment strategy, and that was more expensive than

9

Vanguard and Fidelity funds.  These allegations do not give rise to an inference of a breach of fiduciary duty, and as a result, that claim must be dismissed.

**B.  Breach of Co-Fiduciary Duty and Knowing Participation in a Breach of Fiduciary Duty**

Because Meiners has not adequately pleaded an underlying breach of fiduciary duty, his breach of co-fiduciary duty and knowing participation in a breach of fiduciary duty claims must also be dismissed.  See In re Pfizer Inc. ERSIA Litig., No. 04-10071, 2013 WL 1285175, at *10 (S.D.N.Y. Mar. 29, 2013)(dismissing co-fiduciary breach and knowing participation in breach claims because there was no underlying breach).

### CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.  Defendants' motion to dismiss [ECF No. 32] is granted; and

2.  The case is dismissed with prejudice.

Dated: May 25, 2017

                                      s/David S. Doty
                                      David S. Doty, Judge
                                      United States District Court