United States Court of Appeals
For the Eighth Circuit

No. 17-2397

John Meiners, on behalf of a class of all persons similarly situated, and on behalf of the Wells Fargo & Company 401(k) Plan

*Plaintiff - Appellant*

v.

Wells Fargo & Company; Human Resources Committee of the Wells Fargo Board of Directors; Wells Fargo Employee Benefits Review Committee; Hope Hardison; Justin Thornton; Patricia Callahan; Michael Heid; Timothy Sloan; Lloyd Dean; John Chen; Susan Engel; Donald James; Stephen Sanger

*Defendants - Appellees*

------------------------------

Securities Industry and Financial Markets Association; American Benefits Council; Chamber of Commerce of the United States of America; ERISA Industry Committee

*Amici on Behalf of Appellees*

Appeal from United States District Court
for the District of Minnesota

Submitted: June 13, 2018
Filed: August 3, 2018

Before GRUENDER, ERICKSON, and GRASZ, Circuit Judges.

———————

GRASZ, Circuit Judge.

John Meiners ("Meiners") appeals from the district court's[1] order dismissing his Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Meiners claimed that his former employer, Wells Fargo & Company ("Wells Fargo"), and an assortment of Wells Fargo executives and entities (collectively, the "Wells Fargo Defendants") breached their fiduciary duty under the Employment Retirement Income Security Act ("ERISA"). He alleged two breaches: (1) retaining Wells Fargo's proprietary investment funds as options for Wells Fargo employees' 401(k) retirement plan (the "Plan"), and (2) defaulting to these proprietary investment funds for Plan participants who did not elect other options.

**I. Background**

Meiners sued the Wells Fargo Defendants for breach of fiduciary duty under ERISA on behalf of the Plan and on behalf of a purported class of similarly situated Plan participants. During the relevant time period, the Plan allegedly offered more than two dozen investment options, twelve of which were Wells Fargo Dow Jones Target Date Funds ("Wells Fargo TDFs"). These Wells Fargo funds were allegedly more expensive (due to higher fees) than comparable Vanguard and Fidelity funds and also underperformed the Vanguard funds.

In his Complaint, Meiners pled three counts against the Wells Fargo Defendants: (I) Breach of Duty of Loyalty and Prudence Against the Benefit Committee; (II) Breach of Co-Fiduciary Duty Against Defendants Human Resources

———————

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Committee, Hardison, and Thornton; and (III) Knowing Participation in Breach of Fiduciary Duty Against Wells Fargo. All three counts relied on Meiners's claim that the Wells Fargo Defendants breached their fiduciary duties when they failed to remove their inordinately expensive and underperforming funds from the Plan's options. Meiners further alleged that the breach occurred because the Wells Fargo Defendants were maximizing their own profits, selecting their funds as a default out of improper financial motives to generate fees and "seed" (provide financial support for) the underperforming funds.

The Wells Fargo Defendants moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), and the district court granted the motion. Meiners timely appealed. We affirm.

## II. Standard of Review

We review *de novo* a grant of a motion to dismiss under Fed R. Civ. P. 12(b)(6). *Adams v. Am. Family Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cir. 2016). We accept the well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If the pled facts are merely consistent with liable acts, the complaint "stops short of the line between possibility and plausibility." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In deciding or reviewing motions to dismiss, courts may also consider those materials that are necessarily embraced by the pleadings. *See Schriener*, 774 F.3d at 444.

## III. Analysis

ERISA imposes two primary duties on fiduciaries: loyalty and prudence. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009). "[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries . . . ." 29 U.S.C. § 1104(a)(1). The fiduciary shall also discharge its duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." *Id.* To state a claim for breach of fiduciary duty, "a plaintiff must make a prima facie showing that the defendant acted as a fiduciary, breached its fiduciary duties, and thereby caused a loss to the Plan." *Braden*, 588 F.3d at 594. *See* 29 U.S.C. § 1109.

ERISA plaintiffs claiming a breach of fiduciary duty have a challenging pleading burden because of their different levels of knowledge regarding *what* investment choices a plan fiduciary made as compared to *how* a plan fiduciary made those choices. *See Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 718–19 (2d Cir. 2013). ERISA plaintiffs typically have extensive information regarding the selected funds because of ERISA's disclosure requirements. *See id.* at 719–20. In contrast, they typically lack extensive information regarding the fiduciary's "methods and actual knowledge" because those details "tend to be 'in the sole possession of [that fiduciary].'" *Id.* at 719 (alteration in original) (quoting *Braden*, 588 F.3d at 598). As a result, the challenge for ERISA plaintiffs is to use the data about the selected funds and some circumstantial allegations about methods to show that "a prudent fiduciary in like circumstances would have acted differently." *Id.* at 720. *See also* 29 U.S.C. § 1104(a)(1)(B).

To show that "a prudent fiduciary in like circumstances" would have selected a different fund based on the cost or performance of the selected fund, a plaintiff must provide a sound basis for comparison — a meaningful benchmark. For example, in *Braden*, the plaintiff alleged the market index and other shares of the same fund. *Id.* at 595–96. However, while recognizing that Braden stated a claim, we cautioned that "our ultimate conclusions rest on the totality of the specific allegations in this case" and that "we do not suggest that a claim is stated by a bare allegation that cheaper alternative investments exist in the marketplace." *Id.* at 596 n.7. Because of the benchmark allegations, we concluded the plaintiff was not "required to describe directly the ways in which appellees breached their fiduciary duties." *Id.* at 595. The critical inquiry, then, is whether the missing factual allegations are facts about the funds themselves, which ERISA plaintiffs can research, or facts about the fiduciary's internal processes, which ERISA plaintiffs generally lack.

A.   Whether the Wells Fargo TDFs Were an Imprudent Choice

With these standards in mind, we conclude Meiners's Complaint fails to state a plausible claim because it lacks "sufficient factual matter, accepted as true," to demonstrate that the Wells Fargo TDFs were an imprudent choice. *Iqbal*, 556 U.S. at 678.

Specifically, Meiners did not plead facts showing the Wells Fargo TDFs were underperforming funds. He only pled that one Vanguard fund, which he alleges is comparable, performed better than the Wells Fargo TDFs. The fact that one fund with a different investment strategy[2] ultimately performed better does not establish anything about whether the Wells Fargo TDFs were an imprudent choice at the outset.

---

[2]As the district court noted, "Wells Fargo funds have a higher allocation of bond[s] than Vanguard funds."

*See Tussey v. ABB, Inc.*, 850 F.3d 951, 960 & n.8 (8th Cir. 2017).[3]  No authority requires a fiduciary to pick the best performing fund.  *Cf. Braden*, 588 F.3d at 596 n.7 (stating that fiduciaries are not required by ERISA to select "the cheapest possible fund" available in the market) (quoting *Hecker v. Deere & Co.*, 556 F.3d 575, 586 (7th Cir. 2009)).

We recognize the district court determined that the Vanguard fund's performance was not a meaningful benchmark by considering prospectuses not attached to the Complaint.  This was not improper.  The district court, like this Court, is allowed to look at matters outside the pleadings if those matters are necessarily embraced by the pleadings.  *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).[4]

We are also unpersuaded by Meiners's argument that the Wells Fargo TDFs were too expensive due to their fees.  The argument expands application of *Braden* in exactly the way we warned against.  *See Braden*, 588 F.3d at 596 n.7.  We found that different shares of the same fund were a meaningful benchmark, but Meiners does not match that benchmark by alleging that cheaper alternative investments with *some* similarities exist in the marketplace.  Such an expansion of *Braden* is

---

[3]While Meiners is correct that *Tussey* addressed a specific damages issue, not pleadings, we find its reasoning on this particular point equally applicable here: the choice of a particular fund is not flawed merely because of the existence of one fund that ended up performing better.

[4]Meiners may be correct that certain factual findings made by the district court regarding Vanguard were improper at this stage.  However, the district court was correct to recognize a potential pattern of plaintiffs trying to convert failure to invest in Vanguard, without more, into a breach of fiduciary duty.  *See, e.g.*, *Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 345 (2d Cir. 2006).  Because the other findings regarding Vanguard were unnecessary to the district court's decision, we do not reach them.

inappropriate because it permits plaintiffs to dodge the requirement for a meaningful benchmark by merely finding a less expensive alternative fund or two with some similarity.[5]

A few district court opinions appear to support Meiners's argument, but we do not find them persuasive. We disagree with the rationale of these cases because we believe the existence of a cheaper fund does not mean that a particular fund is too expensive *in the market generally* or that it is otherwise an imprudent choice. Any other conclusion would exempt ERISA plaintiffs both from pleading benchmarks for the funds and from pleading internal processes about selecting funds. An ERISA plaintiff must offer more than "labels and conclusions" about the fees before a complaint states a claim. *See Twombly*, 550 U.S. at 555. We decline to follow the district court opinions that concluded otherwise.

We hold that Meiners has failed to allege sufficient facts to demonstrate that the Wells Fargo TDFs were an imprudent choice.

**B. Whether the Wells Fargo Defendants Engaged in Unlawful Conduct**

Absent any well-pled factual allegations that the Wells Fargo funds were an imprudent choice, no inference can be reasonably drawn that the Wells Fargo Defendants retained those funds (or made them default investments) out of improper motives. We cannot reasonably infer they acted out of a motive to seed underperforming or inordinately expensive funds if Meiners has not plausibly pled that those funds were, in fact, underperforming or inordinately expensive. *See*

---

[5]Meiners's alternative pleading that "effectively" assessing "double charges" makes an investment fee too expensive is also unpersuasive. It is "[t]he total fee, not the internal, post-collection distribution of the fee" that is the material figure for assessing the reasonableness of a fee. *Hecker v. Deere & Co.*, 556 F.3d 575, 586 (7th Cir. 2009).

*Braden*, 588 F.3d at 597 ("An inference pressed by the plaintiff is not plausible if the facts he points to are precisely the result one would expect from lawful conduct in which the defendant is known to have engaged."). While plaintiffs need not rebut every possible lawful reason for retaining a particular investment option, *id.* at 596–97, they must establish that a fund is an imprudent choice before they are entitled to an inference supporting their allegations of unlawful reasons for retaining it. Because Meiners has failed to establish an imprudent choice, his conclusory allegations of bad conduct do not save his Complaint from its deficient pleading regarding the Wells Fargo TDFs.

### C. Viewing the Complaint as a Whole

Finally, we see no merit in Meiners's accusation that the district court failed to consider the Complaint as a whole. The district court's summary statement is exactly right: "Taken as a whole, the complaint merely supports an inference that Wells Fargo continued to invest in affiliated target date funds when its rate of return was lower than Vanguard, which had a different investment strategy, and that was more expensive than Vanguard and Fidelity funds." Add. at 9–10. Consequently, "These allegations do not give rise to an inference of a breach of fiduciary duty, and as a result, that claim must be dismissed." *Id.*

Furthermore, it is clear the district court read the Complaint as a whole when it required Meiners to pair allegations of self-interest with allegations of an imprudently chosen fund in order to survive a motion to dismiss. When both lawful and unlawful conduct would have resulted in the same decision, a plaintiff does not survive a motion to dismiss by baldly asserting that unlawful conduct occurred. *See Pension Benefit Guar. Corp.*, 712 F.3d at 719 ("[T]he price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome."(quoting *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999))).

Because the Complaint failed to plausibly allege a breach of fiduciary duty, and because all of the claims in this case relied on such a breach, the Complaint failed to state a claim upon which relief can be granted.

## IV. Conclusion

The district court correctly determined that Meiners's omission of any meaningful benchmark in his Complaint meant that he failed to allege any facts showing the Wells Fargo TDFs were an imprudent choice. As a result, Meiners's Complaint failed to state a claim for relief under ERISA and we affirm its dismissal.

_____